Law Offices Of
# Campbell & Associates, P.C.
Counselors At Law
The Landmark Building
99 Tulip Avenue, Suite 404
Floral Park, New York 11001

———

TEL   (516) 352-0300
FAX   (516)502-2025

November 3, 2011

**VIA ECF FILING AND COURTESY COPY**
The Honorable Arthur D. Spatt
United States District Courthouse
100 Federal Plaza
Central Islip, New York 11722

      Re: Bernhard v. Central Parking System of New York
          Index no. 10-Cv-5596 (ADS)(ETB)

Your Honor:

      This firm represents the Plaintiffs in the above action. This action includes fiduciary claims against a "John Doe" defendant because Plaintiffs were unable, at the time the complaint was filed, to identify the representative of Central Parking (Central) who had discretion and control over payment of delinquent contributions owed to the Plaintiff funds.

      During the deposition last Friday of Sonya Mitchell, Central's payroll manager, Plaintiffs learned that Ms. Mitchell is the person invested by Central with discretion and control over payment of the delinquent contributions and the person who determined not to pay the amounts at issue in this case. Therefore, she is the person against whom the "John Doe" claims are asserted.

      Please note that, although Plaintiffs and the Fund auditor have been dealing with Ms. Mitchell on the claims since the audit was initiated, they were not aware that Ms. Mitchell had been afforded final authority to determine payment of the amounts claimed until she so testified during her deposition.

      Plaintiffs respectfully request permission to amend the complaint, pursuant to FRCP 15, to replace "John Doe" with Ms. Mitchell. Such amendment would aid Plaintiffs in presenting the merits of their case and will not prejudice Defendants or Ms. Mitchell since Ms. Mitchell has been involved with the audit, the claims herein, and this legal action at all relevant times.

      Regarding FRCP 15(c),Plaintiffs believe that the amendment would relate back to the date of the original pleadings. The requested amendment would assert claims identical to those that arose out of the conduct and occurrences set forth in the original pleadings. Moreover, Ms. Mitchell's defenses will be the same ones already asserted by Defendants. Nor should this amendment surprise Ms. Mitchell. The complaint alleged

claims against an unnamed representative of Central who had authority to determine and pay the amounts claimed by the Funds. Surely, Ms. Mitchell knew that this was her.

      Respectfully submitted,

Law Offices of Campbell & Associates, P.C.
      /s/
By: Susan M. Bruno


cc: Douglas Rowe, by ECF only


G:\New Documents\Local.917.Funds\Collections\Central parking NY\Pleadings and court documents\pleadings\spatt 111103.wpd