UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NICHOLAS BERNHARD, RALPH NATALE, KIRK                    ECF
CONAWAY and ROY KOHN, as TRUSTEES OF
THE HEALTH FUND 917 AND THE LOCAL 917
PENSION FUND; HEALTH FUND 917 AND THE
LOCAL 917 PENSION FUND,
                              Plaintiffs,                **10-CV-5596(ADS)(ETB)**

            -against-

CENTRAL PARKING SYSTEM OF NEW YORK
INC. and JOHN DOE,
                              Defendants.
-------------------------------------------------------------------X

**Plaintiffs' Memorandum of Law
In Support of Their Motion to Substitute Named Defendants**

Plaintiffs, by their attorneys, Law Offices of Campbell & Associates, P.C.,
submit this memorandum of law in support of their motion to amend their Complaint to
substitute Sonya Mitchell for the "John Doe" party named as a party defendant in the
Complaint.

**Summary of Plaintiffs' Argument**

Plaintiffs initiated this action in December 2010 to collect delinquent contributions
identified during a payroll inspection of defendant Central Parking System of New York,
Inc's (Central's) payroll and related records. Plaintiffs' complaint included fiduciary
claims against the representative of Central who had authority to cause or withhold
payment of the contributions owed. As Plaintiffs could not then identify this
representative, he or she was identified as "John Doe".

During the deposition of Central's payroll manager, Sonya Mitchell, on October
28, 2011, Ms. Mitchell testified that she had the ultimate authority to determine, which, if
any, delinquencies would be paid by Central. Although Plaintiffs were aware, before the
deposition, that Ms. Mitchell was Central's "contact person" on matter relating to the
payroll audit, they did not then know Central's principals had given Ms. Mitchell
authority to make the final decision on which delinquent contributions to pay.

The substitution of Ms. Mitchell is permissible under Rules 15(a)(2) and 15( C) of the Federal Rules of Civil Procedure ("FRCP) and should be directed by this Court.

### Relevant Facts

At all times relevant hereto, Central was a party to a collective bargaining agreement with Local 917, International Brotherhood of Teamsters, which, among other things, required it to pay contributions to the Local 917 Pension Fund and Health Fund 917 (the "Funds") on behalf of certain of its employees. *Affidavit of Joann Emmons at ¶ 5.*

Independent auditors retained by the Funds reviewed Central's records and determined that Central had failed to pay certain contributions to the Funds for the year 2004 (the "Findings"). *Affidavit of Joann Emmons at ¶ 4 .*

Thereafter, objections to the Findings were made, on Central's behalf, by Sonya Mitchell, Central's payroll manager. Ms. Mitchell held discussions with the Fund Office and the Fund auditors about the Findings, and has provided to the Fund spreadsheets indicating which Findings are disputed. *Affidavit of Joann Emmons at ¶ 6-7.*

The Fund Office and Fund auditors often speak with an employer's payroll manager or a person with similar duties about contested findings. *Affidavit of Joann Emmons at ¶ 9.* Many of these payroll managers do not have the final authority to determine which findings will be paid. *Affidavit of Joann Emmons at ¶ 10.*

Ms. Mitchell, however, does have such authority. She testified, during her deposition, that she is the only representative of Central who reviewed the Findings. *Dep of Sonya Mitchell at pp 41-42.*  She also testified that there was no one to whom she had to report her analysis of the Findings, *Id. at p 47*, that she did not have to obtain approval from anyone else to determine which of the Findings to pay, *Id. at p 54*, and that she discussed the Findings with her "boss", who left to her the discretion to determine which Findings to pay, *Id. at p. 55.* (Exhibit "A ").

The claims asserted in the Complaint against "John Doe" assert that Doe "was a person with discretion and/or authority to pay contributions to Health Fund 917 and the

Local 917 Pension Fund on behalf of Central", and that "Doe" caused Central not to pay the Findings. (*Complaint, docket number "1" at paragraphs 30-42*). Ms. Mitchell's testimony indicates that she had the sole authority and performed the actions ascribed to "John Doe".

## Issue Presented

Whether Plaintiffs should be permitted to Amend their Complaint to Substitute Sonya Mitchell for the "John Doe" defendant.

## Short Answer

Yes, as discussed below, good reason exists for allowing this amendment, which is permitted, and deemed timely under Rule 15 of the Federal Rules of Civil Procedure (FRCP).

## Discussion

### A. Plaintiffs should be permitted to amend their complaint in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure.

FRCP 15(a)(2) permits a party to amend its pleadings with the court's leave. As explained by Justice Goldman of the United States Supreme Court in *Foman v Davis*:

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded...If the underlying facts or circumstances relied on by plaintiff may be a proper subject for relief he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be 'freely given'".

*371 U.S. 178, 182, 83 S. Ct. 227,230, 9 L. Ed. 222 (1962).*

This rule may be used to substitute new parties in place of parties originally named. *Staggers v. Otto Gerdau Company, Inc., 359 F.2d 292 (2d Cir. 1966).* The burden is on the non moving party to show that an amendment should not be permitted

under Rule 15(a). *Persaud v. Exxon Corporation, 867 F. Supp. 128 (E.D.N.Y. 1994).*

The substitution of parties requested by Plaintiffs is in the interest of justice as it permits Plaintiffs' claims to be heard and tested.  Further, none of the "reasons" for denying an amendment that were suggested by the *Foman* court exist here.

No "undue delay, bad faith or dilatory motives" underly this motion since Plaintiffs did not know, until October 28, 2011, that Sonya Mitchell was the Central representative who had the authority, and performed the actions, attributed to  "John Doe"  in the complaint. *Bruno Cert. at ¶ 3.*  Neither Ms. Mitchell not Central will suffer "undue prejudice" by this substitution. The substitution should not affect any of Central's claims or defenses since none of them are related to the fiduciary claims. As for Ms. Mitchell, the complaint sets forth the specific authority and actions attributed to the "John Doe" defendant.  A reading of the complaint would have made clear to Ms. Mitchell that she was "John Doe". Moreover, Ms. Mitchell is already involved with this case and the underlying claims so naming her as a defendant will not pull her into a legal action of which she has been unaware.

Nor can it be said that the substitution of parties would be "futile".  It is "futile" to press claims against an unknown party. It is not futile to bring in a party who can be served and can defend herself, and against whom a judgment can be made if Plaintiffs' case succeeds.

## B. Applicable Statutes of Limitations do not Bar Plaintiffs from Amending the Complaint  Because FRCP 15( c) is Satisfied.

Where an amendment changes a party, or the name of a party, against whom a claim is made, FRCP 15( c) sets forth requirements that must be met if the amendment is to "relate back" to the original pleading for purposes of satisfying statutes of limitations. These requirements are met in this case.

The first requirement, set forth in FRCP 15( c)(1)(B), requires that the claims asserted against the new party "arose out of the conduct, transaction or occurrences set out- or attempted to be set out- in the original pleading".  This requirement  is met

4

since the claims that will be asserted against Ms. Mitchell are the exact same ones asserted against "John Doe".  Both sets of claims are based on identical conduct alleged to have been taken in response to the Plaintiffs' request for payment of delinquent contributions.

The second requirement, set forth in FRCP 15( c)(1)(C)(I)(i), is satisfied if, during the 120 days after the complaint was filed, the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits".  Ms. Mitchell is the only representative of Central to address the Funds' claims for delinquent contributions.   It is inconceivable that she would not have had some notice of this action when the complaint was served since her knowledge would have been needed to respond to the allegations set forth in the Complaint.

The third requirement, noted in FRCP 15( c)(1)(C)(I)(ii), requires  that Ms. Mitchell "knew or should have known that the action would have been brought against (her) but for a mistake concerning the proper party's identity". This requirement, too, is satisfied here. The allegations asserted against "John Doe" set out specific actions and grants of authority ascribed to that individual. Surely, Ms. Mitchell should have recognized herself as the person described in the relevant counts.

The United States District Court for the Southern District of New York has recognized that a complaint should be permitted to "relate back" where, as here, an individual who knows that the plaintiff incorrectly named another party as defendant in her stead does not inform the plaintiff of its mistake. *Bernstein v. Uris Building Corporation, 50 F.R.D. 121 (S.D.N.Y. 1970)*. Ms. Mitchell knew that she was the "John Doe" defendant but did not tell Plaintiffs. In accordance with  FRCP 15( C) and *Bernstein, supra*, this Court should find that the requirements for FRCP 15( c) are met and that the claims against Ms. Mitchell "relate back" to the original complaint.

## Conclusion

For the reasons stated in this memorandum,  this Court should allow Plaintiffs to amend their complaint to substitute Sonya Mitchell for the "John Doe" defendant named therein.

Dated:          Floral Park, New York
                November 29, 2011

                                        Respectfully submitted,

                                        Law Office of Campbell
                                        & Associates, P.C.


                              By:_____/S/_____
                                        Susan Bruno (SB 6686)
                                        Attorney for Plaintiffs
                                        99 Tulip Avenue, Suite 404
                                        Floral Park, New York 11001
                                        (516) 352- 0300


G:\New Documents\Local.917.Funds\Collections\Central parking NY 2004\motion to amend\memo.wpd